474 F.2d 365
 Fed. Sec. L. Rep. P 93,770
John JANSKY, stockholder in Def. Standard, who is suing
Individually on his own behalf and on behalf of
Standard and all other stockholders who
are not defendants herein,
Plaintiff-Appellants,
v.
O. N. MILLER, as Director, Chairman of the Board of
Directors, Chief Executive Officer, all of
Standard; Standard Oil Company of
California, a corporation
("Standard"),
Defendants-
Appellees.
 No. 26171.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 5, 1973.
 
 1
 John Jansky, Esq., in pro. per.
 
 
 2
 Noble K. Gregory (argued), Anthony P. Brown, of Pillsbury, Madison & Sutro, San Francisco, Cal., for defendants-appellees.
 
 
 3
 Before KOELSCH and ELY, Circuit Judges, and FREY,* District Judge.
 
 FREY, District Judge:
 
 4
 The plaintiff, John Jansky, filed his own complaint against the defendants-appellees. The defendants moved to dismiss the complaint upon the grounds that it failed to state a claim upon which relief could be granted. The District Court granted the motion. The defendant refused to amend his complaint, choosing to stand on it; judgment was entered and plaintiff appealed.
 
 
 5
 Plaintiff's whole case before this Court is stated on page 7 of his opening brief:
 
 
 6
 "In a nutshell, the proxy solicitation material of Miller and Standard-now before this Court-violates numerous provisions of the SEC Rule 14a, and thereby Section 14(a) of the 1934 SEC Act. The entire proxy solicitation is nothing but a fraudulent scheme to give Miller proxies to reelect himself, by means of deliberate suppression of facts which Miller was required to disclose. The non-disclosure deprived stockholders of an informed choice whether or not to remove Miller instead of reelecting him. The District Court was in error when dismissing the action. There being no facts in dispute, the decision below should be reversed, and the District Court directed to enter judgment in favor of stockholder."
 
 
 7
 This Court's conclusion, even more briefly summarized, is that plaintiff's complaint and his briefs fail to establish any violations of SEC Rules or the "1934 SEC Act". He has failed to state any claim upon which relief could be granted. The District Court properly dismissed his complaint. Plaintiff sought to have all proxies solicited by Standard (and presumably the election at which they were voted) voided because the solicitation material failed to include his personal feud-type charges against defendant Miller. A cause of action filed in California Superior Court contains twenty-seven (27) causes of action which are the basis of the present resolution.
 
 
 8
 This case involves a proxy statement sent out by the management of Standard Oil Company of California, hereinafter referred to as Standard. Plaintiff-appellant sought to have the following resolution placed in the proxy statement mailed out by Standard:
 
 
 9
 "Resolved that, O. N. Miller be removed from office of Director of the Company, not re-elected, and disqualified to serve as Director of the Company."
 
 
 10
 Standard refused to insert the above resolution in the proxy statement on the grounds that the resolution was an election matter and Standard had the right to exclude it under Rule 14a-4(b), Security and Exchange Commission Regulations, (17 C.F.R. 240.14a-4(b) and 8(c)(2)).
 
 
 11
 Standard, however, did include in its proxy under "Other Matter", the following: "The Company has been advised by a stockholder that he intends to present two proposals to the meeting, if either or both of such proposals, is in fact presented, and is in order, the proxy holders will not vote proxies solicited hereby on such proposals." This appears to have been done as the result of a ruling in the form of a letter from the Securities and Exchange Commission, which letter was included in plaintiff's complaint, as an exhibit. Standard thereby did something it did not have to do, i. e., inform the stockholders that the appellant intended to present two matters, one of which is the above resolution. But in so informing them, it failed to fully inform the stockholders of the issue by omitting any mention of the nature of plaintiff's proposals. Even conceding, arguendo, that Standard's oblique reference to the Resolution in the proxy material was somewhat misleading, we are convinced, in Mr. Justice Harlan's words, that "the defect [did not have] . . . a significant propensity to affect the voting process . . . ." Mills v. Electric Auto-Lite Co., 396 U.S. 375, 384, 90 S.Ct. 616, 621, 24 L.Ed.2d 593 (1970). As amplified by Judge Friendly in General Time Corp. v. Talley Industries, Inc., 403 F.2d 159, 162 (2d Cir. 1968), cert. denied, 393 U.S. 1026, 89 S.Ct. 631, 21 L.Ed.2d 570 (1969), this test of materiality "is whether, taking a properly realistic view, there is a substantial likelihood that the misstatement or omission may have led a stockholder to grant a proxy . . . ." contrary to the manner in which he would have in the absence of the misstatement or omission.
 
 
 12
 If we take what seems to be plaintiff's view, that Standard was soliciting proxies to abstain from voting on plaintiff's proposals and that Rule 14a-4 and 14a-8 required more than Standard set out in their form of proxy and proxy statement and therefore Standard's proxy solicitation statement was misleading under Rule 240.14a-9, plaintiff still has not stated any claim because plaintiff did not seek or solicit any proxies himself although he contends he filed the schedule called for in Rule 14a-11. Further, if Standard had not inserted any statement concerning the plaintiff's proposal, it could have voted the proxies against his proposal instead of abstaining. It is undisputed that the plaintiff's resolution is an election matter. Such matter need not be included in the proxy statement, Rule 240.14a-8(a).
 
 
 13
 Plaintiff contends such election matter must be included in the proxy statement by virtue of the application of Rule 14a-4(a) and 14a-4(b)(1). Thus, he argues, it must be identified clearly and impartially and separately. Rule 14a-4(a), where applicable at all, merely relates to identifying matters "intended to be acted upon, whether proposed by the management or by security holders." Since the proxy statement clearly indicated no action was to be taken on plaintiff's proposals, further identification was not necessary and the rule not applicable.
 
 
 14
 Rule 14a-4(b)(1) is likewise inapplicable, it provides:
 
 
 15
 "Means shall be provided in the form of proxy whereby the person solicited is afforded an opportunity to specify by ballot a choice between approval or disapproval of each matter or group of related matters referred to therein as intended to be acted upon, other than elections to office. A proxy may confer discretionary authority with respect to matters as to which a choice is not so specified provided the form of proxy states in bold face type how it is intended to vote the shares represented by the proxy in each case." (Emphasis supplied).
 
 
 16
 Standard initially felt that plaintiff's proposal was submitted under Rule 240.14a-8 and therefore complied with Rule 240.14a-8(d) as shown by the exhibits attached to plaintiff's complaint. Thus, if we take the view as the Securities and Exchange Commission apparently did in its said letter of March 10, 1970, that plaintiff's proposals fall within the scope of Rule 14a-8, then Rule 14a-8(c)(2) comes into play and justifies the exclusion of plaintiff's proposals. It appears, in spite of plaintiff's denials in his brief in this case and his argument submitted to the trial judge, that plaintiff has exhibited a personal feud with defendants.
 
 
 17
 Plaintiff's opening brief presents seven questions which he feels are pertinent.
 
 
 18
 There is no need to detail them here nor to treat them separately. They are all resolved by the foregoing discussion except whether Rule 14a-6 has been complied with.
 
 
 19
 To dispose of this issue we must point out that for purposes of this case there are two types of Standard stockholders. One type consists of members of Standard's Stock Plan for Employees; the other type consists of stockholders not members of such Stock Plan. Both types received Standard's proxy statement. However, the Stock Plan members received a proxy card and letter from the trustee of such Stock Plan, Crocker Citizens National Bank, which differed from that sent out by Standard to the stockholders who were not members of the Stock Plan.
 
 
 20
 Plaintiff contends that Standard is responsible for the material sent out by Crocker Citizens National Bank, and that such material has not been filed with Pacific Coast Stock Exchange and such material otherwise violates SEC Rule 14a-9.
 
 
 21
 The conclusions of plaintiff with respect to these allegations are not supported by the regulations he cites. However, plaintiff fails to state any cause of action by virtue of his allegations with respect to these matters. He hasn't alleged any harm or damage to anyone by virtue of any such acts of Crocker, assuming only for argument that Crocker in some way violated a pertinent rule or law.
 
 
 22
 There is nothing in the record to indicate any control by Standard over Crocker nor anything by which we can conclude Standard is responsible for what Crocker did or didn't do. Further, under Rule 14a-2 Crocker's solicitations are exempt.
 
 
 23
 Whether Crocker did or did not file anything with the Pacific Coast Stock Exchange is not pertinent or material to the issue before this Court which is whether plaintiff's complaint against these defendants states a cause of action upon which relief may be granted. Crocker is not a party to this action.
 
 
 24
 This appeal simply involves whether plaintiff's complaint states a proper claim. From a close review of the complaint, giving full consideration to plaintiff's arguments, it is not clear what cause of action plaintiff feels he has upon which relief may be granted. His complaint contains many allegations, generally personal in nature; however, he alleges nothing which could be of significant impact on the voting process. There are no allegations relevant to actionable harm or damage or loss to himself or anyone else. His complaint is deficient within the purview of Mills v. Electric Auto-Lite Co., (1970) 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593, and J.I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 which he cites in his opening brief.
 
 
 25
 Nothing contained in plaintiff's briefs would justify treating his complaint as stating a valid cause of action.
 
 
 26
 Judgment affirmed.
 
 KOELSCH, Circuit Judge (concurring specially):
 
 27
 The court points out and relies upon several bases for decision. It may well be that each is valid. However, I prefer to rest my concurrence upon one which I consider to be incontrovertibly dispositive and to express no view concerning any of the others.
 
 
 28
 As the court indicates, and as I read the relevant rules and regulations of the S.E.C., the solicitor of a proxy must duly advise the shareholder of the power he seeks; he need not state what he does not seek. Consistent with this interpretation, Rule 14a-4(a)(3) (Sec. 240.14a-4) provides in terms that the proxy form must "identify clearly and impartially the subject matter with respect to which the power has been granted." Standard and Miller complied with these administrative requirements; surely they may not be faulted for gratuitously doing more.
 
 
 
 *
 Honorable William C. Frey, United States District Judge, District of Arizona, sitting by designation